76 F.3d 370
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard O. BROWN, Plaintiff, Appellant,
v.
TOWN OF WEYMOUTH, et al., Defendants, Appellees.
 No. 95-1693.
 United States Court of Appeals, First Circuit.
 Feb. 9, 1996.
 
 Alexander M. Esteves on brief for appellant.
 Douglas I. Louison, Stephen C. Pfaff and Merrick and Louison on brief for appellees.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 
 PER CURIAM
 
 1
 In this suit under 42 U.S.C. § 1983 alleging use of excessive force,[1] plaintiff Richard Brown appeals from the grant of summary judgment for defendants, Officer James Bowen and Captain James Thomas, and from the denial of his motion for relief from judgment under Fed.R.Civ.P. 60(b). We affirm for the following reasons.
 
 
 2
 1. We have no doubt that summary judgment was proper in this case, regardless whether the district court misconstrued Brown's purpose in stating that his arrest had occurred "without incident," and despite the parties' disagreement on the question whether Brown had resisted arrest. Even if it were undisputed that Brown had not resisted arrest, Bowen would have been justified in using some physical force to effect Brown's arrest. The police report, which both parties submitted in support of their positions at summary judgment, indicated that Bowen knew, when he arrested Brown, that Brown had just assaulted Elizabeth Gordon while on bail for a different crime and that Brown was intoxicated. In addition, Brown had fled the premises, knowing that Bowen was a police officer who would have had cause to arrest him for that assault. Bowen therefore had the clear right to use necessary physical force in arresting Brown. See Graham v. Connor, 490 U.S. 386, 396 (1989); Dean v. City of Worcester, 924 F.2d 364, 368 (1st Cir.1991).
 
 
 3
 The critical question before the court, therefore, concerned the nature and degree of force used by Bowen. In his affidavit in support of summary judgment, Bowen denied forcing Brown's arm up over his head or forcing his arm and shoulder into an anatomically wrong position. Given that affidavit, the contrary allegations in the complaint no longer sufficed to establish a genuine issue as to the degree of force used by Bowen. Brown was required to present "definite, competent evidence" that Bowen had used excessive force in order to rebut the summary judgment motion. See Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir.1991), cert. denied, 504 U.S. 985 (1992). That is, he had to submit "significantly probative" evidence, not simply "some evidence" that Bowen had used excessive force. See Frohmader v. Wayne, 958 F.2d 1024, 1028-29 (10th Cir.1992).
 
 
 4
 Brown failed to submit any affidavit describing the nature and amount of force used by Bowen in support of his opposition to summary judgment. He submitted medical records reflecting Brown's treatment at South Shore Hospital the night of the arrest. Evidence of injury suffered during an arrest is relevant in determining whether the arresting officer used excessive or reasonable force. See Wardlaw v. Pickett, 1 F.3d 1297, 1304 & n. 7 (D.C.Cir.1993), cert. denied, 114 S.Ct. 2672 (1994). Here, however, the hospital records showed only muscle tenderness and strain in Brown's right shoulder. Those are relatively mild injuries which could have been completely consistent with a reasonable use of force by Bowen. Thus, the hospital records were not sufficiently probative and created no trialworthy issue of fact on the question whether Bowen had used excessive force. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1082 & n. 5 (8th Cir.1990) (summary judgment granted for police officer in part because the medical records reportedly showed only that the plaintiff had suffered mild shoulder strain); cf. Dean, supra, 924 F.2d at 369 (summary judgment granted for police officer in part because the plaintiff's minor physical injuries--cuts, scratches and bruises--were insufficient to support an inference that police officers had used inordinate force in arresting plaintiff).
 
 
 5
 We have considered Brown's other claims of error relating to the grant of summary judgment, but find them meritless.
 
 
 6
 2. The district court properly denied relief from judgment under Fed.R.Civ.P. 60(b). As defendants argue, Brown and his counsel could have obtained the medical records from Massachusetts General Hospital in a timely fashion if they had exercised due diligence. Brown obviously knew those records existed before he retained counsel, but he apparently never told counsel about them until after summary judgment had been granted. Counsel filed an amended complaint and Brown's opposition to summary judgment on the same day. Because the amended complaint asserted that Brown had had shoulder surgery--a medical procedure not documented in the South Shore Hospital records submitted in opposition to summary judgment, counsel had reason to know at that time that different records reflecting the surgery must have existed. He apparently never asked his client about them, and he made no effort to obtain them until nearly a year later, by which time the court had granted summary judgment.
 
 
 7
 3. Because summary judgment for Bowen on the excessive force claim was proper, the court correctly dismissed the claim against Thomas, which had asserted the failure to stop or report Bowen's alleged use of excessive force. See Hinton v. City of Elwood, 997 F.2d 774, 783 (10th Cir.1993).
 
 
 8
 Affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Bowen asserted other claims as well, but he has not appealed the dismissal of those claims